IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHESTERFIELD COUNTY SCHOOL BOARD,
        Plaintiff,

v.                                                           Civil Action No. 3:20-cv-56

MICHELLE WILLIAMS,
        Defendant.

## **OPINION**

In August 2019, Michelle Williams filed an administrative due process complaint against the Chesterfield County School Board (the "School Board"), asserting violations of the Individuals with Disabilities Education Act ("IDEA"). The parties reached a settlement agreement in September 2019, in which the School Board agreed to provide certain educational services to Williams' son. Williams, in turn, agreed not to file further due process complaints against the School Board based on alleged violations of the IDEA that occurred before the parties' agreement. In December 2019, Williams filed a second due process complaint, which raised claims under the IDEA based on events that took place long before September 2019.

The School Board filed this action to enforce the settlement agreement, arguing that Williams breached the agreement when she raised claims in the second due process complaint based on events that predate the agreement. Williams has moved to dismiss the School Board's complaint for failure to state a claim.[1] Because the School Board plausibly pleads that Williams breached the settlement agreement, the Court will deny Williams' motion to dismiss.

---

[1] Williams also moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Following a hearing on the School Board's motion for a preliminary injunction on May 14, 2020, the Court concluded that it has the authority to hear this case. (Dk. No. 17.) The Court, therefore, denied Williams' motion to dismiss to the extent that it argued that the Court lacked subject matter jurisdiction. (*Id.*) The Court now considers Williams' motion to the extent that it argues that the School Board's complaint fails to state a claim for relief.

## I. BACKGROUND

### A. *The IDEA's Procedural Framework*

Under the IDEA, public schools that accept federal funds must provide a "free appropriate public education" to all students with disabilities "between the ages of 3 and 21." 20 U.S.C. § 1412(a)(1)(A). The IDEA sets forth formal procedures that allow a parent to challenge whether his or her child's school is meeting its obligations under the Act. First, a parent may file a due process complaint with the local educational agency. *Id.* § 1415(b)(6). Within fifteen days of the parent's complaint, the parties must meet to try to resolve the parent's claims. *Id.* § 1415(f)(1)(B). If the parties cannot reach an agreement, the matter proceeds to an administrative hearing before a special education hearing officer. *Id.* § 1415(f)(1)(A); *see* 8 Va. Admin. Code § 20-81-210(A).

### B. *Facts Alleged in the School Board's Complaint*

On August 22, 2019, Williams filed a due process complaint against the School Board, raising claims under the IDEA regarding her son's education. (Compl. ¶¶ 26-27.) After participating in a resolution session on September 6, 2019, the parties entered into a settlement agreement, which Williams signed on September 20, 2019. (*Id.* ¶¶ 31-33.)[2] Although Williams' son had reached an age at which the IDEA no longer required the School Board to provide educational services, the School Board nevertheless agreed to provide some limited services. (*Id.* ¶¶ 24, 36-39.) Williams, in turn, "agree[d] not to file any state or federal complaint, due process hearing, or any other legal proceeding regarding issues that occurred prior to the date of the [settlement agreement] and which relate to [her son]." (Dk. No. 1-1, ¶ 12.)

On December 11, 2019, Williams filed a second due process complaint against the School Board. (Compl. ¶ 52.) Williams' second due process complaint reiterates the allegations set forth

---

[2] The School Board signed the settlement agreement on September 23, 2019. (*Id.* ¶ 34.)

in her first due process complaint and "seeks relief based on alleged acts or omissions that occurred prior to September 23, 2019." (*Id.* ¶ 62; *see also id.* ¶¶ 53-59.) Thus, the School Board contends that Williams materially breached the settlement agreement by filing the second due process complaint. (*Id.* ¶ 63.)

The School Board asks the Court to enforce the settlement agreement and enjoin Williams from pursuing claims under the IDEA against the School Board that she released in the agreement.[3] Williams has moved to dismiss the School Board's complaint for failure to state a claim, arguing that the School Board failed to allege facts showing that she breached the settlement agreement when she filed the second due process complaint.

## II. DISCUSSION[4]

To state a breach of contract claim under Virginia law, a plaintiff must plead facts showing "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or

---

[3] The IDEA provides that a written settlement agreement reached at a resolution session "is . . . enforceable . . . in a district court of the United States." 20 U.S.C. § 1415(f)(1)(B)(iii)(II); *see also F.H. ex rel. Hall v. Memphis City Schs.*, 764 F.3d 638, 645 (6th Cir. 2014) (holding that federal courts have jurisdiction to enforce settlement agreements reached at resolution sessions and that a breach of contract claim based on such an agreement "does not require administrative exhaustion"); *El Paso Indep. Sch. Dist. v. Richard R.*, 591 F.3d 417, 427 (5th Cir. 2009) ("District courts across the country have recognized that IDEA settlement agreements reached at a resolution meeting are enforceable in federal court.").

[4] Williams has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion gauges the sufficiency of a complaint without resolving any factual discrepancies or testing the merits of the claims. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.'" *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004).[5]

The School Board's allegations satisfy each element of a breach of contract claim under Virginia law. First, the School Board alleges that the signed settlement agreement gives rise to a legally enforceable obligation. (Compl. ¶¶ 33-35, 61.) In exchange for the School Board's promise to provide certain educational services to Williams' son, Williams promised not to file further due process complaints under the IDEA based on events that occurred before the date of the agreement. (*Id.* ¶¶ 42, 60). Thus, the School Board adequately pleads that the settlement agreement represents a valid exchange of promises between the parties. *See Eplus Tech., Inc. v. Nat'l R.R. Passenger Co.*, 407 F. Supp. 2d 758, 761 (E.D. Va. 2005) ("A legally enforceable obligation . . . requires that there be 'acceptance of an offer . . . as well as valuable consideration.'" (quoting *Montagna v. Holiday Inns, Inc.*, 221 Va. 336, 346, 269 Va. S.E.2d 838, 844 (1980))).

Second, the School Board asserts that Williams violated the settlement agreement when she filed the second due process complaint. In the agreement, Williams promised "not to file any state or federal complaint, due process hearing, or any other legal proceeding regarding issues that occurred prior to the date of the [settlement agreement] and which relate to [her son.]" (Dk. No. 1-1, ¶ 12.) The School Board alleges that Williams broke that promise when she raised claims in the second due process complaint based on events that predate the September 2019 settlement agreement. (Compl. ¶¶ 52-59, 62-63.)

Finally, the School Board pleads that Williams' alleged breach of the settlement agreement caused an injury. The School Board says that Williams' actions required it to file this case because

---

[5] *See S. Kingstown Sch. Comm. v. Joanna S.*, No. CA 13-127 ML, 2014 WL 197859, at *10 (D.R.I. Jan. 14, 2014), *aff'd*, 773 F.3d 344 (1st Cir. 2014) (holding that "[t]he federal court should apply the state law of contract to the interpretation of the settlement" under the IDEA).

"[s]pecial education administrative hearing officers lack jurisdiction to enforce resolution agreements reached under the IDEA." (*Id.* ¶ 80 n.5.) The School Board further asserts that it "will incur significant financial costs in its defense of the [second due process complaint] and subsequent due process hearings." (*Id.* ¶ 69.) Additionally, the School Board alleges that "the operational functioning of the school division will be disrupted, as teachers and administrators will be pulled away from their operational duties in order to prepare for, defend, and personally testify at the due process hearing." (*Id.* ¶ 70.)

In sum, the School Board states a valid breach of contract claim against Williams. The Court, therefore, will deny Williams' motion to dismiss for failure to state a claim.

### III. CONCLUSION

Because the School Board plausibly pleads that Williams breached the parties' settlement agreement, the Court will deny Williams' motion to dismiss.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record and the pro se defendant.

Date: 21 May 2020
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge